# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Justin Jackson, #29756-171, | Civil Action No.: 4:20-cv-04474-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Ms. Barnes, *Warden*, | |
| Ms. Brock, *nurse*, | |
| Ms. Fletcher, | |
| Defendants. | |

Plaintiff Justin Jackson, proceeding *pro se*,[1] filed this civil rights action against Defendants Warden Barnes, Nurse Brock, and Ms. Fletcher (collectively, "Defendants") pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), seeking damages of $750,000.00 based on Defendants' alleged failure to provide appropriate medical care and properly handle the COVID-19 pandemic in the South Carolina Department of Corrections ("SCDC"). (*See* ECF No. 10.) Plaintiff also claimed he was misplaced in the federal corrections system, mistreated by the staff, and denied his First Amendment rights when he was allegedly prohibited from contacting his family when he was diagnosed with COVID-19. (*Id.*)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On February 9, 2021, the

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

Magistrate Judge issued a Report and Recommendation (ECF No. 14) recommending that the court dismiss the action against Defendants with prejudice for failure to state a claim upon which relief can be granted. (*Id.* at 5-6.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and dismisses the action against Defendants with prejudice.

## I. BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 14.) The court will only reference additional facts that are pertinent to the analysis of the issues before it. On December 28, 2020, Plaintiff initiated the instant action in this court against Defendants by filing a form Complaint for Violation of Civil Rights, which alleged cruel and inhumane treatment while in prison amounting to First, Fifth, an Eighth Amendment violations. (*See* ECF No. 1.) On January 12, 2021, the court issued an Order advising Plaintiff that he "failed to state a claim of constitutional magnitude as to claims regarding medical care" and required him to submit an amended complaint. (ECF No. 7 at 2.) On January 27, 2021, Plaintiff filed an Amended Complaint alleging individual claims against Defendants. (ECF No. 10.)

## II. LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.

1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III.     ANALYSIS

A.     The Magistrate Judge's Review

In the Report, the Magistrate Judge explained that while *Bivens* allows victims of a constitutional violation by a federal agent the right to recover damages in federal court, *Bivens* claims "are available on very limited grounds." (ECF No. 14 at 4.) The Magistrate Judge observed that there has not yet been an extension of *Bivens* to claims relating to placement in the federal correctional system, confinement, or First Amendment rights. (*Id.* at 5.) Additionally, the Magistrate Judge's recommendation observed that Plaintiff failed to state a claim regarding medical care because "[m]ere negligence, mistake or difference of medical opinion in the provision of medical care to prisoners do not rise to an Eighth Amendment deprivation." (*Id.*) The Magistrate Judge noted that Plaintiff was informed of these issues after he filed his initial Complaint and given the chance to cure them, but the issues remained in the Amended Complaint. (*Id* at 3.)

B.     The Court's Review

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service or by February 23, 2021. (ECF No. 14 at 7 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, none of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court

need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and Recommendation in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), and **DISMISSES WITH PREJUDICE** the Amended Complaint (ECF No. 10) against Warden Barnes, Nurse Brock, and Ms. Fletcher for failure to state a claim.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 2, 2021
Columbia, South Carolina

4